IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES H. CLAY,

        Petitioner,    :    Case No. 3:14-cv-319

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,

    :

        Respondent.

# REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action. On the Court's Order, the Warden has filed a Return of Writ (Doc. No. 7) and the State Court Record (Doc. No. 6). Petitioner has in turn filed a Reply (Doc. No. 9) and the case is ripe for decision.

Clay pleads the following grounds for relief:

> **Ground One:** Actual Innocence
>
> **Supporting Facts**: Despite the absence of a scintilla of evidence, multiple inconsistencies in the alleged victim's testimony, Petitioner was found guilty of sexual battery.
>
> **Ground Two**: Due Process
>
> **Supporting Facts:** Ignoring the legislature's intent, the lower court did not adhere to S.B. 2 guidelines for first time offenders. The lower court failed to provide in the record the necessary findings to impose the maximum sentence. The lower court imposed a sentence that included a punitive (*sic*) in violation of

1

> Ohio law. The lower court failed to properly resentence Petitioner under the current language of H.B. 86.

(Petition, Doc. No. 1).

**Procedural History**

Petitioner Clay was indicted by the Miami County Grand Jury in two separate cases. In Case No. 07 CR 518 he was charged on December 6, 2007, with one count of sexual battery arising out of his relationship with J.D., a fifteen-year-old student at Troy Christian High School where Clay was a coach. Although sexual conduct occurred between Clay and J.D. between the fall of 2006 and February 2007, he was only charged with one count. While the sexual battery case was pending, an arson fire destroyed Clay's home on December 21, 2007. After investigation, Clay was charged with the arson.

Clay was convicted of the sexual battery charge on August 28, 2008, and sentenced to five years imprisonment. He appealed and the Second District Court of Appeals affirmed. *State v. Clay*, 2009-Ohio-5608, 2009 Ohio App. LEXIS 4718 (2nd Dist. Oct. 23, 2009). Clay did not file a timely appeal and the Ohio Supreme Court denied his motion for leave to file a delayed appeal. *State v. Clay*, 125 Ohio St. 3d 1410 (2010).

Clay has filed a number of post-conviction motions:

1.  May 24, 2010, Motion to Correct Void Sentence pursuant to Ohio Revised Code § 2929.191 on the theory he was not properly advised of post-release control. The trial court denied relief, and Second District affirmed, and Clay did not appeal to the Ohio Supreme Court.

2.  October 26, 2011, Motion for Re-Sentencing under H.B. 86, including vacation of his classification and registration requirements as a sexual offender. The trial court denied relief

except that reclassification was granted. Clay appealed asserting, inter alia, that the judgment was void, but the Second District affirmed and the Ohio Supreme Court, on September 3, 2014, declined to exercise jurisdiction.

On September 4, 2009, Clay was convicted on the aggravated arson charge and sentenced to four years consecutive to the sexual battery charge. The Second District affirmed. *State v. Clay*, 2010-Ohio-5748, 2010 Ohio App. LEXIS 4838 (2nd Dist. Nov. 24, 2010). The Ohio Supreme Court allowed a delayed appeal which it then dismissed as not involving any substantial constitutional question.

Clay also moved for re-sentencing in this case under H.B. 86. The trial court denied relief, the Second District affirmed and Clay did not appeal to the Ohio Supreme Court.

## Analysis

**Ground One:  Actual Innocence of Sexual Battery**

In his First Ground for Relief, Clay asserts he is actually innocent of the crime of sexual battery (Petition, Doc. No. 1, PageID 5).

The Warden responds that a free-standing claim of actual innocence is not cognizable in habeas corpus (Return, Doc. No. 7, PageID 836-37).

Clay responds that habeas is an equitable remedy, arguing "[t]he United States Supreme Court has long recognized that an equitable miscarriage of justice is the exception to procedural default and not a 'mere' gateway, but a remedy." (Reply, Doc. No. 9. PageID 847.) That is simply not the law. The Supreme Court of the United States has never held that a person's actual

3

innocence gives rise to a claim for relief in habeas corpus. *Herrera v. Collins*, 506 U.S. 390 (1993).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *185-86 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.).

To the contrary, the Supreme Court's "actual innocence" jurisprudence establishes that a showing of actual innocence provides an excuse for procedural default, including filing after expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013); *Schlup v. Delo*, 513 U. S., at 329; *House v. Bell*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1.

Clay's First Ground for Relief must therefore be dismissed as stating a claim not cognizable in habeas corpus.

**Ground Two:  Denial of Due Process**

In his Second Ground for Relief, Clay asserts he was denied due process of law when the trial court did not sentence him as a first-time offender as required by Ohio S.B. 2 and failed to re-sentence him as required by Ohio H.B. 86.

The Warden notes that these are both state law claims and only federal constitutional

4

claims are cognizable in habeas corpus (Return, Doc. No. 7, PageID 840-41). Clay rejoins that state law violations are cognizable if they "render a trial fundamentally unfair." (Reply, Doc. No. 9, PageID 847, citing *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003)). The *Bowling* court relies in turn on *Estelle v. McGuire*, 502 U.S. 62, 67-68, 116 L. Ed. 2d 385, 112 S. Ct. 475 (1991), and *Hutchison v. Bell*, 303 F.3d 720, 731 (6th Cir. 2002) ("State-law trial errors will not warrant habeas relief unless the 'error rises to the level of depriving the defendant of fundamental fairness in the trial process.'"). *Id.* at 502, n. 4. None of the state court actions of which Clay complains happened in the trial process, but all concern matters which happened post-judgment. None of them could have rendered the trial process fundamentally unfair.

To the extent any of these issues were preserved for Ohio appellate review, the Second District rejected them. *State v. Clay*, 2014-Ohio-950, 2014 Ohio App. LEXIS 888 (2nd Dist. Mar. 14, 2014). Judge Donovan wrote for the court:

> **[*P13]** Regarding Clay's reclassification, this Court recently noted:
>
>> Ohio's version of the federal Megan's Law, Section 14071, Title 42, U.S. Code, was enacted in 1996, Am.Sub.H.B. No 180, 146 Ohio Laws, Part II, 2560, and significantly amended in 2003 by Am.Sub.S.B. No. 5 (S.B.5), 150 Ohio Laws, Part IV, 6558." [*State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108], ¶ 7. Subsequently, 2007 Am.Sub. S.B. No. 10 "was enacted in 2007, and is based on the federal Adam Walsh Act, Section 16901 et seq., Title 42 U.S. Code." *Id.* In *Williams*, the Supreme Court of Ohio determined, "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.*, at syllabus. As this court has noted, "a defendant improperly classified under the AWA can be re-classified under Megan's Law if his offenses were committed while Megan's Law was in effect. *State v. Stubbs* [2d Dist. Greene No. 2011-CA-62,

5

2012-Ohio-2969]" *State v. Turner*, 2d Dist. Montgomery No. 25115, 2013-Ohio-806, ¶ 11, appeal not allowed, 136 Ohio St.3d 1405, 2013-Ohio-2645, 989 N.E.2d 1020. *State v. Boles*, 2d Dist. Montgomery No. 25526, 2013-Ohio-3376, ¶ 11.

 **[\*P14]**  As this Court further noted in *Boles*:

* * * in *State v. Hayden*, 96 Ohio St. 3d 211, 2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held that ^(HN6)the "Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender." *Id.*, at paragraph two of the syllabus. The *Hayden* Court determined, "according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." *Id.*, ¶ 12.

 **[\*P15]** Regarding Clay's first assigned error, we note that his reliance upon Crim.R. 43 is misplaced; post-conviction proceedings are civil in nature. More importantly, Clay was not entitled to a reclassification hearing and due process protections, since his reclassification arises as a matter of law. Finally, regarding Clay's argument that he was entitled to re-sentencing pursuant to H.B. 86, his notice of appeal is clearly limited to the trial court's March 27, 2013 decision which addressed his reclassification and not his sentence; he did not appeal from the trial court's August 9, 2012 Decision/Entry Overruling Motion for Re-Sentencing. Additionally, Clay was sentenced in October, 2008, and the term of his sentence has expired. Finally, we note that H.B. 86 became effective on September 30, 2011, and "[w]e have previously rejected claims that H.B. 86 applies retroactively to an offender who was sentenced prior to the effective date of H.B. 86. * * *." *State v. Clay*, 2d Dist. Miami No. 2011 CA 32, 2012-Ohio-3842, ¶ 10.

 **[\*P16]** Since the trial court properly reclassified Clay as a sexually oriented offender, his assigned errors are overruled, and the judgment of the trial court is affirmed.

6

*Id.*

Clay has shown no violation of federal Due Process standards in the Second District's decision. Specifically, he cites no United States Supreme Court precedent holding that a state sexual offender re-classification cannot be made without vacating the underlying judgment.

Clay's Ground Two is also without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 11, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

7

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).