# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES H. CLAY,

        Petitioner,    :    Case No. 3:14-cv-319

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 12) to the Magistrate Judge's Report and Recommendation recommending the case be dismissed with prejudice (Doc. No. 10). Judge Rice has recommitted the case for consideration of the Objections (Doc. No. 13).

Clay pleads the following grounds for relief:

> **Ground One:** Actual Innocence
>
> **Supporting Facts**: Despite the absence of a scintilla of evidence, multiple inconsistencies in the alleged victim's testimony, Petitioner was found guilty of sexual battery.
>
> **Ground Two**: Due Process
>
> **Supporting Facts:** Ignoring the legislature's intent, the lower court did not adhere to S.B. 2 guidelines for first time offenders. The lower court failed to provide in the record the necessary findings to impose the maximum sentence. The lower court imposed a sentence that included a punitive (*sic*) in violation of Ohio law. The lower court failed to properly resentence Petitioner under the current language of H.B. 86.

1

(Petition, Doc. No. 1).  Clay makes no objection to the procedural history of the cases as recited in the Report (Doc. No. 10, PageID 852-53).

# Analysis

**Ground One:  Actual Innocence of Sexual Battery**

In his First Ground for Relief, Clay asserts he is actually innocent of the crime of sexual battery and the Warden responded that this claim is not cognizable in habeas corpus  (Petition, Doc. No. 1, PageID 5; Return, Doc. No. 7, PageID 836-37).  The Report adopted the Warden's position, citing *Herrera v. Collins*, 506 U.S. 390 (1993).

Clay objects that

> The United States Supreme Court has not "consistently" applied a single overarching theory of habeas corpus review.  However, one of the three competing models which focuses on the writ in remedying constitutional violations is the colorable claim of factual innocence. While not predominant, factual innocence has played an increasing role in habeas corpus jurisprudence.

(Objections, Doc. No. 12, PageID 861.)

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  If the state court which have heard a criminal case before it reaches habeas review have rejected a federal constitutional claim, then the habeas court cannot grant relief unless the state court decision is contrary to or an objectively unreasonable application of Supreme Court precedent.

28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).  *Bell v. Howes*, 703 F.3d 848 (6th Cir. 2012).  Clay has cited no Supreme Court precedent contradicted or misapplied by the Ohio courts in deciding his guilt or innocence.  In fact, a review of Clay's Brief on appeal does not disclose any argument that he is factually innocent, but only, in the Sixth Assignment of Error, that there was insufficient evidence to convict (State Court Record, Doc.No. 6-1, PageID 170-72).

It is therefore again respectfully recommended that the First Ground for Relief be dismissed.

Ground Two

**Ground Two:  Denial of Due Process**

In his Second Ground for Relief, Clay asserts he was denied due process of law when the trial court did not sentence him as a first-time offender as required by Ohio S.B. 2 and failed to re-sentence him as required by Ohio H.B. 86 (Petition, Doc. No. 1, PageID 7.)

The Warden argued these were state law claims only and not cognizable in habeas corpus (Return, Doc. No. 7, PageID 840-41).  The Report agreed (Doc. No. 10, PageID 854-55.)

As best the Magistrate Judge understands, Clay is complaining that S.B. 10 (formally designated 2007 Am. Sub. S.B. 10) was unconstitutionally applied to him because he committed his offense before that Act became effective.  Clay misses the purport of Judge Donovan's

3

opinion for the Second District. That court held that, because S.B. 10 could not apply to Clay, he was instead covered by the prior law, Ohio's version of the federal Megan's law, which was in effect when he committed the offense in this case.

Clay argues in his Objections that it was not enough for Ohio to apply to him by operation of law the older law in effect at the time of his offense. Instead, he says, Ohio was obliged to vacate his sentence altogether and re-sentence him under H.B. 86 (Objections, Doc. No. 12, PageID 863). But he fails to cite any federal constitutional authority in support of that proposition aside from the very general invocation of "due process."

The Due Process Clause of the Fourteenth Amendment is not a mechanism from bringing into the federal Constitution, and thus under the protection of habeas corpus, every state procedural rule. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

It is therefore again respectfully recommended that the Second Ground for Relief be dismissed.

**Conclusion**

Clay has not shown his entitlement to habeas corpus relief and his Petition should be

4

dismissed.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 16, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).